Filed 4/17/23  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079480 |
| v. | (Super.Ct.No. CR25725) |
| DAVID LAMONT LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge. Affirmed.

David Lamont Lewis, in pro. per.; and Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant David Lamont Lewis appeals from the Riverside County Superior Court's denial of his second petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We affirm.

## BACKGROUND

Defendant and two codefendants were convicted of first degree murder in violation of section 187 with the special circumstance that the murder was committed for financial gain as provided for in subdivision (a)(1) of section 190.2.  We affirmed the judgment with modifications to the sentence in a partially published opinion.  (*People v. McLead, et al.* (1990) 225 Cal.App.3d 906, 921 (*Lewis I*).)

1. *Defendant's first petition for resentencing*

In 2019, the trial court summarily denied defendant's section 1172.6 petition for resentencing.  On appeal, defendant's appointed appellate counsel filed a brief declaring he was unable to find an arguably meritorious issue and asked us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3rd 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738.  Defendant filed a supplemental brief in which he raised a variety of arguments, including that he was not the actual killer, he did not, with the intent to kill, aid or abet the murder, and he was not a major participant.

We affirmed the denial, finding defendant is not entitled to relief under section 1172.6 as a matter of law because the jury found he was a direct aider and abettor who

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

acted with intent to kill and he has a final and undisturbed special-circumstances finding. (*People v. Lewis* (Apr. 8, 2021, E074796) [nonpub.opn.] (*Lewis II*).)

2. *Defendant's second petition for resentencing resulting in this appeal*

In May 2022, defendant again petitioned for resentencing in the same matter that was the subject of his first petition. He raised many of the same issues as in his first petition and added that he is entitled to section 1172.6 relief because he was convicted on a theory of natural and probable consequences. The trial court denied the petition with prejudice. Defendant timely noticed this appeal, and we appointed counsel to represent him.

Counsel again filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, and defendant again filed a supplemental brief.[2]

## DISCUSSION

In his current petition, defendant seeks the same relief in the same matter as his first petition even though our opinion in *Lewis II* already made clear he is not entitled to resentencing relief. Nothing in defendant's brief or in the record on appeal has altered our conclusion that his conviction does not meet the requirements of section 1172.6 as a matter of law.

---

[2] We note that the brief was filed before the Supreme Court's opinion in *People v. Delgadillo* (2022) 14 Cal.5th 216 became final. Because the opening brief and our notice to defendant referred to *Wende*, we will conduct an independent review of the record on appeal.

## DISPOSITION

The trial court's dismissal with prejudice of defendant' petition for resentencing pursuant to 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

SLOUGH _____

J.